**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | |
|---|---|
| DINEEN JORDAN,              ) | |
|                     ) | |
|     **Plaintiff,**     ) | |
|                     ) | |
| **v.**                     ) | **No. 13-cv-1002-JDB-tmp** |
|                     ) | |
| **COMMISSIONER OF SOCIAL**  ) | |
| **SECURITY,**            ) | |
|                     ) | |
|     **Defendant.**     ) | |

---

### REPORT AND RECOMMENDATIONS

---

On January 2, 2013, *pro se* plaintiff Dineen Jordan filed a complaint against the Commissioner of Social Security. (ECF Nos. 1 & 5.)[1] The same day, plaintiff also filed an application to proceed *in forma pauperis*, which the court granted on January 4, 2013. (ECF Nos. 2 & 3.) On April 15, 2016, the undersigned magistrate judge was reassigned to this case.

Prior to this reassignment, on March 28, 2013, defendant filed a Motion to Dismiss and Memorandum in Support Thereof, or Alternatively, Motion for More Definite Statement (the

---

[1] Plaintiff neglected to sign her originally filed complaint. Therefore, on January 4, 2013, the presiding District Judge ordered plaintiff to file a signed copy. (ECF No. 3.) Plaintiff timely filed a separate signature page and Complaint cover page (ECF No. 5), though the body of her complaint was not attached. In her response to the present motion, plaintiff asserts that, pursuant to a call with the Clerk's Office, the complaint itself (as originally filed at ECF No. 1) was intended to be attached but was not due to a miscommunication or technical error. (ECF No. 9.)

"Motion"). (ECF No. 8.) Plaintiff responded to the Motion on April 15, 2013. (ECF No. 9.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, it is recommended that the Motion be DENIED and that defendant be DIRECTED to file its answer in this case.

In the Motion, defendant contends that plaintiff has failed to state a claim upon which relief may be granted, and thus at issue is whether this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Here, plaintiff, in her complaint, is clearly appealing to this court for a review of the decision of the Commissioner of Social Security. At a minimum, she claims that the Administrative Law Judge ("ALJ") failed to consider certain

evidence and made improper credibility determinations. (See ECF No. 1 at 2.) She seeks, as relief, reversal of the unfavorable decision. (Id. at 10.) Defendant alleges that plaintiff has "failed to put forward any specific, nonconclusory factual allegations that establish that the ALJ committed any legal errors." (ECF No. 8 at 4.) To the contrary, plaintiff's complaint includes many specific factual allegations that, if accepted as true, could indicate that relief is plausible. Therefore, plaintiff has stated a claim upon which relief may be granted, and her complaint should not be dismissed pursuant to Rule 12(b)(6).

Alternatively, defendant seeks relief, pursuant to Federal Rule of Civil Procedure 12(e), in the form of requiring the plaintiff to provide a more definite statement of her pleading. Specifically, defendant cites plaintiff's failure to number the paragraphs of her complaint in compliance with Federal Rule of Civil Procedure 10(b). However, the standard under Rule 12(e) is that the pleading be "so vague or ambiguous that the party cannot reasonably prepare a response." Fed R. Civ. P. 12(e); see also Davis v. City of Memphis Fire Dep't, No. 11-3076-STA-cgc, 2012 WL 2000713, at *3 (W.D. Tenn. May 31, 2012) (citing EEOC v. FPM Grp., Ltd., 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009)). Moreover, while *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, see

<u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989), "[*p*]*ro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). As discussed above, plaintiff's basic claims are easy to decipher. There is nothing so vague or ambiguous about plaintiff's appeal of the Commissioner of Social Security's decision that the defendant cannot reasonably move forward with its answer. This is especially true when the *pro se* complaint's deficiencies are mainly technical, as opposed to substantive. <u>Cf. Davis</u>, 2012 WL 2000713, at *3 (granting a motion for a more definite statement when unnumbered paragraphs in a seemingly similar long-form complaint led to confusion as to which of multiple claims – ranging from Title VII to assault, as examples – applied to which of multiple defendants, neither issue being applicable in the present case). The court also notes that an answer by the defendant will allow for a scheduling order to be entered in this case, subsequent to which the parties will develop and clarify their arguments through additional briefing. For these reasons, defendant has not shown that a more definite statement is necessary or appropriate in this case.

For all of the reasons above, it is recommended that defendant's Motion be DENIED. It is further recommended that

defendant be DIRECTED to file its answer in this case, which should address plaintiff's claims and relief sought and which must include "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 12, 2016
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**