```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

| | |
|---|---|
| **DINEEN JORDAN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    No. 13-cv-1002-JDB-tmp |
| | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** | ) |
| | ) |
|     **Defendant.** | ) |

_____

### REPORT AND RECOMMENDATION
_____

Before the court is *pro se* plaintiff Dineen Jordan's appeal from a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq*. Pursuant to Administrative Order No. 2013-05, as of April 15, 2016, this case has been referred to the undersigned United States magistrate judge for management and for all pretrial matters for determination or report and recommendation as appropriate. For the reasons set forth below, it is recommended that the decision of the Commissioner be affirmed.

### I.  PROCEDURAL HISTORY

This case, with its lengthy procedural history, involves Jordan's application for disability insurance benefits under Title II of the Act, filed on March 20, 2003. (R. 51.) In her application, Jordan alleges disability beginning on December 31,

1991, stemming from a workplace injury.  (See R. 57.)  Jordan's application was denied initially and upon reconsideration by the Social Security Administration ("SSA").  At Jordan's request, a hearing was held before an Administrative Law Judge ("ALJ") on November 4, 2004.  On July 9, 2005, the ALJ issued a decision finding that Jordan was insured for disability benefits through December 31, 1996, but that she was not entitled to a period of disability or disability insurance benefits under the Act.  (R. 13-18.)  On January 27, 2006, the SSA's Appeals Council denied Jordan's request for review of the ALJ's determination.  (R. 5.) Therefore, the ALJ's decision became the final decision of the Commissioner at that point in the proceedings.  (Id.)

 On May 16, 2006, after receiving an extension from the SSA (R. 4), Jordan filed a complaint in the United States District Court for the Western District of Tennessee challenging the decision of the Commissioner.  After briefing by the parties, United States District Judge James D. Todd affirmed the Commissioner, concluding "that the ALJ's decision is supported by substantial evidence and is not contrary to law."  Jordan v. Barnhart, No. 1:06-cv-01104-JDT-sta, ECF No. 17 at 12 (W.D. Tenn. filed June 6, 2007).  Jordan appealed to the United States Court of Appeals for the Sixth Circuit.  The Sixth Circuit found that the ALJ's factual determinations were supported by substantial evidence. Jordan v. Comm'r of Soc. Sec., 548 F.3d 417, 422 (6th Cir. 2008).  However,

the court determined that the ALJ erred at Step 5 (as discussed below) by relying solely on the Social Security Medical Vocational Guidelines (the "grids") in a case where Jordan was determined to have "nonexertional impairments that preclude the performance of a full range of work at a given level." Id. at 424. The court thus vacated the judgment of the district court and remanded the case to the SSA so that the ALJ could obtain and consider additional evidence, such as the "testimony from a vocational expert." Id. at 424-25.

On remand, a hearing was held before the ALJ on March 16, 2010. Jordan did not attend, but an attorney appeared on her behalf. At the hearing, vocational expert Nancy Hughes testified and was cross-examined by Jordan's attorney. (R. 248-51.) On June 4, 2010, the ALJ issued a decision, again finding that Jordan was not disabled within the meaning of the Act through December 31, 1996, the last date insured. (R. 174-82.) The ALJ's decision became the final decision of the Commissioner. (R. 164.)

On January 2, 2013, after receiving an extension from the SSA (R. 157), Jordan filed the present complaint challenging the decision of the Commissioner. (ECF No. 1.) On March 28, 2013, the government filed a Motion to Dismiss and Memorandum in Support Thereof, or Alternatively, Motion for More Definite Statement. (ECF No. 8.) This case was reassigned to the undersigned magistrate judge on April 15, 2016, and a report and recommendation

addressing the government's motion was entered on August 12, 2016. (ECF No. 19.)  On September 7, 2016, the presiding District Judge entered an order adopting the report and recommendation, denying the government's motion, and directing the government to file an answer to the complaint.  (ECF No. 20.)  The government filed an answer (ECF No. 21), followed by both parties submitting briefs (ECF Nos. 24-26).

## II. PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party.  "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 320 (6th Cir. 2015); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Kiner v. Colvin, No. 12-2254-JDT, 2015 WL 1295675, at *1 (W.D. Tenn. Mar. 23, 2015).

**B.   The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1).  Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits.  Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011).  The initial burden is on the claimant to prove she has a disability as defined by the Act.  Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990).  If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available

employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to Social Security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the residual functional capacity ("RFC") to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can

perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**C.   The Law of the Case**

Upon review of Jordan's complaint and her briefs (ECF Nos. 1, 24, 26), the court construes Jordan's statements and arguments as a challenge that the ALJ's findings are not supported by substantial evidence. However, the law of the case precludes Jordan from bringing such a claim as to the ALJ's findings at Steps 1-4, as that issue has already been litigated and necessarily decided. The Sixth Circuit has described the law-of-the-case doctrine and its parameters as follows:

> The law-of-the-case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. The doctrine precludes a court from reconsideration of issues decided at an early stage of litigation, either explicitly or by necessary inference from the disposition. Application of this doctrine is limited to those questions necessarily decided in the earlier appeal. [T]he phrase necessarily decided . . . describes all issues that were fully briefed and squarely decided in an earlier appeal.

Vander Boegh v. EnergySolutions, Inc., 772 F.3d 1056, 1071 (6th Cir. 2014) (internal citations and quotation marks omitted).

In Hollins v. Massanari, 49 F. App'x 533, 535-36 (6th Cir. 2002), the Sixth Circuit discussed the applicability of the

doctrine (along with other doctrines of preclusion) to social security appeals; however, in that case the plaintiff argued that the ALJ violated the law of the case by revisiting issues that were not directly within the scope of the court's prior remand.[1] The Hollins court determined that the ALJ "did not act outside his authority." 49 F. App'x at 536. However, Hollins does not apply here because the issue before the court is not whether the ALJ can change findings on remand that were outside the scope of the remand order. This case is essentially the opposite, that is, whether a party can reintroduce an already-decided argument where the ALJ's findings were *unchanged* upon remand. In addressing Jordan's prior substantial evidence argument, the Sixth Circuit said:

> We have no doubt that the ALJ relied on "substantial evidence" to reach his determination. Most damning is the video evidence showing that Jordan, who claims to now be "even more disabled" than she was during the relevant, pre-1997 period, appears to be anything but. This impression is supported by the conclusions of two consulting physicians, Drs. Waggoner and Huff, who examined Jordan and found no objective basis for her purported physical restrictions. Both doctors were confident that Jordan was substantially exaggerating her symptoms. The opinions of the ALJ and the district court provide a thorough discussion of the adequacy of the evidence; there is little that we could add on the issue that would not be redundant.

Jordan, 548 F.3d at 422. Therefore, the court finds that this

---

[1] Whether an ALJ has exceeded his or her authority on remand and whether the law-of-the-case doctrine applies in that scenario appear to be common issues on appeal to the district court. See, e.g., Beatty v. Comm'r of Soc. Sec., No. 14-11550, 2015 WL 5693663, at *3 (E.D. Mich. Sept. 29, 2015); Tull v. Comm'r of Soc. Sec., No.

issue has been squarely decided, and pursuant to the law-of-the-case doctrine, the Sixth Circuit's decision must continue to govern in relation to Jordan's social security application.  See Jones v. Comm'r of Sec. Sec. Admin., 611 F. App'x 541, 544 (11th Cir. 2015) (per curiam) (finding that, where plaintiff had "identified no additional new evidence or a change in the law, the law of the case doctrine bars" claims previously brought and disposed of pursuant to a prior appeal); see also Wilder v. Apfel, 153 F.3d 799, 801-03 (7th Cir. 1998) (finding that the law of the case prohibited the Commissioner from making a finding of no disability based on evidence on remand that the appeals court had already determined was insufficient to support that finding).

   While it is true that Jordan's prior challenge addressed a prior ALJ opinion, the underlying application for benefits remains the same and the presently challenged ALJ opinion is nearly identical to the previously adjudicated opinion as to the substance of the Step 1-4 findings.  Moreover, none of the three recognized exceptions to the doctrine apply: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice."  Vander Boegh, 772 F.3d at 1071.  While there is some new evidence, it cannot be considered to be

---

13-14985, 2015 WL 736392, at *9-10 (E.D. Mich. Feb. 20, 2015).

substantially different, as it is dated ten years after the date last insured and clearly does not establish disability within the applicable time period, as noted by the ALJ.  All relevant evidence was before the ALJ when he made his original decision, and this decision was found to have been supported by substantial evidence at the district and appellate court levels.  Jordan has not argued that a change in the law controls, nor is there any issue that the prior decision was clearly erroneous.  For these reasons, Jordan's challenge that the ALJ's findings at Steps 1-4 are not supported by substantial evidence is precluded pursuant to the law of the case.[2]

## D.   **Findings at Step 5**

Jordan states that Hughes, the vocational expert, "never physically examined" her.  (ECF No. 1 at 8.)  The court construes

---

[2] At least one district court within this circuit has stated that the law-of-the-case doctrine is not applicable after remand by the court to the Commissioner because the remand is a final judgment and thus any subsequent action is not the same litigation.  Hollins v. Apfel, 160 F. Supp. 2d 834, 840 (S.D. Ohio 2001).  However, this approach is at odds with the large number of cases that have applied the law of the case to subsequent ALJ opinions decided after an initial remand.  See Wilder, 153 F.3d at 803; Parsons v. Astrue, No. 1:11-cv-01063, 2012 WL 3853184, at *7 (N.D. Ohio June 13, 2012), amended report and recommendation adopted sub nom. Parsons v. Comm'r of Soc. Sec., No. 1:11-cv-01063, 2012 WL 3852927 (N.D. Ohio Sept. 5, 2012); see also Beatty, 2015 WL 5693663, at *3 (considering and rejecting law of the case arguments on other grounds in scenario where case was back before the court after prior remand); Tull, 2015 WL 736392, at *9-10 (same).  In any case, the fact remains that practically identical ALJ findings, based on practically identical evidence, have undergone a substantial evidence review by a District Judge and the Court of Appeals.  Each time, the ALJ's opinion was found to be supported by substantial evidence.  The court sees no reason why the same rationale should

this as a challenge to the ALJ's findings at Step 5.  The case was remanded for the purpose of having the ALJ evaluate "evidence other than the grids" to determine the availability of other work for Jordan.  Jordan, 548 F.3d at 424.  The Sixth Circuit specifically recommended that the ALJ hear testimony from a vocational expert.  Id. at 425.  On March 16, 2010, the ALJ held a hearing and took testimony from Nancy Hughes, a vocational expert witness.  (R. 248.)  The ALJ asked Hughes whether there were jobs existing in significant numbers in the national or regional economy that could be performed by a hypothetical individual with Jordan's age, education, experience, and RFC.  (R. 249.)  Based on the testimony of the vocational expert, the ALJ found at Step 5 that there were jobs that existed in significant numbers in the national economy that could have been performed by plaintiff during the time period at issue.  (R. 181.)

"'A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.'"  Thomas v. Comm'r of Soc. Sec., 550 F. App'x 289, 290 (6th Cir. 2014) (quoting Smith v. Halter, 307 F.3d 377, 378 (6th Cir. 2001)).  This is precisely the procedure applied by the ALJ, and it was in accordance with the Sixth Circuit's instructions

---

not continue to apply and the same result not be reached.

on remand. The ALJ's findings at Step 5 are supported by substantial evidence and not contrary to law.

### III. RECOMMENDATION

For the reasons described above, the court recommends that the Commissioner's decision be affirmed.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 16, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**