IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DINEEN JORDAN,

    Plaintiff,

v.                                                                  No. 1:13-cv-01002-JDB-tmp

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND
RECOMMENDATION, ADOPTING REPORT AND RECOMMENDATION, AND
AFFIRMING DECISION OF THE COMMISSIONER
_____

       On January 2, 2013, the *pro se* Plaintiff, Dineen Jordan, appealed from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* (Docket Entry ("D.E.") 1.) Pursuant to Administrative Order No. 2013-05, this matter was referred to the United States magistrate judge for all pretrial matters for determination or report and recommendation, as appropriate. On June 16, 2017, United States Magistrate Judge Tu M. Pham issued a report and recommendation in which he recommended that the decision of the Commissioner be affirmed. (D.E. 27.) Before the Court are the Plaintiff's timely objections to the report and recommendation.[1] (D.E. 32.) In resolving objections to a report and recommendation, "[t]he district judge may accept, reject, or modify the recommended

---

[1] The Commissioner has not responded to the objections and the time for such response has expired. *See* Fed. R. Civ. P. 72(b)(2).

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A review of Jordan's objections reveals that their focus lies solely with the magistrate judge's recommendation to affirm the denial of her claim by the administrative law judge (ALJ) at the fifth step of the sequential analysis set forth in the Social Security Regulations. Specifically, Plaintiff takes issue with the testimony of the vocational expert (VE) adduced at the hearing before the ALJ from which this appeal arose.

In the event an ALJ finds during the analysis that the claimant cannot perform her past relevant work, he must at step five determine whether she can perform other work existing in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1) & 416.960(c). Evidence regarding this determination may be obtained by means of a hypothetical question posed by the ALJ to a VE, the response to which he is permitted to rely upon in making his decision. *Gibbens v. Comm'r of Soc. Sec.*, 659 F. App'x 238, 248-49 (6th Cir. 2016). The hypothetical must include an accurate portrayal of the claimant's physical and mental impairments. *Koster v. Comm'r of Soc. Sec.*, 643 F. App'x 466, 479 (6th Cir. 2016) (quoting *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010)).

At the hearing, the ALJ asked VE Nancy Hughes whether there were jobs existing in significant numbers in the national or regional economy that could be performed by a hypothetical person of Plaintiff's age, education, experience, and residual functional capacity. Based on Hughes's testimony in response to his inquiry, the ALJ concluded at step five that jobs existed in significant numbers in the national economy that could be performed by Jordan during the time period at issue.

In her objections, Plaintiff points to numerous specific errors in Hughes's testimony. However, neither of her submissions before the magistrate judge (D.E. 24 & 26) contained any of these assertions nor, in fact, made any mention whatever of the VE or her testimony. In her complaint, as noted by Judge Pham, she alleged only that "Ms. Hughes never physically examined Plaintiff." (D.E. 1 at PageID 8.) Thus, the arguments contained in her objections were not made to the magistrate judge.

"A claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010). There are two reasons for this rule:

> Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and saved its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate judge, wait to see which way the wind was blowing, and -- having received an unfavorable recommendation -- shift gears before the district judge.

*Owens v. Comm'r of Soc. Sec.*, Case No. 15-10920, 2016 WL 5660526, at *1 (E.D. Mich. Sept. 29, 2016). Although she is representing herself in this matter, Jordan's filings have been detailed, articulate, and thorough. She has offered no reason for her failure to raise her arguments relative to the VE earlier. Accordingly, the Court finds she has waived the assertions raised in her objections.

For the reasons articulated herein, the Plaintiff's objections are OVERRULED, the report and recommendation of the magistrate judge is ADOPTED, and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED this 22nd day of August 2017.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE